471 F.3d 363
 Mark FERRAN, Nadia Ferran, Plaintiffs-Appellants,
v.
TOWN OF NASSAU, Robert Whitney, Bernard Clifford, Town Supervisor, George Flemings, former Highway Superintendent, Joseph Meizinger, Town Highway Superintendent, Ruth Bridgham, former Town Attorney, County of Rensselaer, County of Rensselaer Highway Department, Ralph Colongione, Deputy County Engineer, individually and in his official capacity, John Toma, County Highway Supervisor for the Southern Tier, individually and in his official capacity, John F. Richardson, Joanne Richardson, Henry Goebel, Jr., individually and in his official capacity as Town
Justice, William Gonzales, N.Y. State Trooper (shield #3912), individually and in his official capacity, Janet I. Nadler, Defendants-Appellees.
 Docket No. 02-9459.
 United States Court of Appeals, Second Circuit.
 Argued: August 9, 2004.
 Decided: December 15, 2006.
 
 Mark Ferran, Albany, NY, Pro Se.
 Nadia Ferran, Albany, NY, Pro Se.
 Rebecca M. Vaccariello, Dreyer Boyajian LLP, Albany, NY, for Defendants-Appellees Town of Nassau, Robert Whitney, Bernard Clifford, Joseph Meizinger, Ruth Bridgham, Henry Goebel, Jr.
 David Reilly, Law Office of Joseph W. Buttridge, Albany, NY, for Defendants-Appellees County of Rensselaer, County of Rensselaer Highway Department, Ralph Colongione, John Toma.
 Before JACOBS, Chief Judge, B.D. PARKER, and HALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 A decade and a half ago, Plaintiffs-Appellants Nadia Ferran and her son, Mark Ferran, ("the Ferrans") embarked on a campaign against numerous town and county officials and private individuals, contending that the Defendants-Appellees had violated the Ferrans' constitutional rights by interfering in their use and enjoyment of certain parcels of land they owned in Rensselaer County, New York. Over the years, in orders dated August 11, 2000 and October 30, 2001, the District Court whittled down the parties and claims, a process which culminated in a final order and judgment dated September 30, 2002 in the United States District Court for the Northern District of New York (Scullin, C.J.), granting summary judgment to the remaining Defendants-Appellees and dismissing the action in its entirety. The Ferrans appeal from all three orders, as well as a November 4, 2002 denial of their motion for reconsideration.
 
 
 2
 On appeal, the Ferrans have made a number of arguments, many of which they did not raise before the District Court. In addition, they have waived their §§ 1985, 1986, discrimination, and defamation claims, as they are not raised on appeal. See LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir.1995). None of the arguments before us have merit, and we agree in nearly all respects with the District Court's reasoning disposing of the claims. Bearing in mind that we may affirm on any basis for which there is sufficient support in the record, including grounds not relied on by the District Court, see Shumway v. United Parcel Service, Inc., 118 F.3d 60, 63 (2d Cir.1997), we include the following discussion so as to supplement the District Court's analysis with respect to the substantive due process and Petition Clause claims against the Town of Nassau.
 
 
 BACKGROUND
 
 
 3
 In 1991, the Ferrans, appearing pro se, filed a complaint against neighbors John Richardson, Joanne Richardson, and Janet (Alleman) Nadler, as well as the Town of Nassau ("the Town") and Town officials, including: Robert Whitney, former Town Supervisor; Bernard Clifford, then Town Supervisor; George Flemings, former Town Highway Superintendent; Joseph Meizenger, then Town Highway Superintendent; Ruth Bridgham, former Town Attorney; and Henry Goeble, Jr., Town Justice. Also named in the complaint were the County of Rensselaer ("the County") and the County Highway Department, as well as County officials Ralph Colongione, Deputy County Engineer, and John Toma, County Highway Supervisor; and William Gonzales, a New York State Trooper. The Ferrans charged that the Defendants-Appellees, from 1986 to 1991, separately and in concert, committed various acts that interfered with their use, possession, and enjoyment of a portion of their 90 acres of land located in the Terrace Gardens subdivision of the Town of Nassau, Rensselaer County, New York. The parcel of land at issue, marked "Reserved for Parking" on a 1950 subdivision map of Terrace Gardens, is approximately 21 feet wide at its northern end, fanning out at its southern end to approximately 50 feet wide where it borders the Burden Lake shoreline. The western side of the parcel borders Van Patten Road, a public road maintained by the Town.
 
 
 4
 The Ferrans' complaint asserted the following § 1983 causes of action: (1) an equal protection claim; (2) a takings claim under the Fifth Amendment; (3) a due process claim under the Fourteenth Amendment; (4) a claim under the Petition Clause of the First Amendment; and (5) a claim of unreasonable seizure under the Fourth Amendment. The complaint also asserted three separate causes of action for conspiracy under 42 U.S.C. § 1985; a claim under 42 U.S.C. § 1986; a claim that Nadia Ferran was discriminated against on the basis of her gender and disability (the "disability of bereavement"); and state law claims for slander, defamation, and interruption of the life of a disabled person. These causes of action stemmed from various acts allegedly committed by the Defendants-Appellees. For example, the Ferrans asserted that John and Joanne Richardson, who owned a parcel of land bordering the Ferrans' "Reserved for Parking" area, had encroached upon the Ferrans' property by parking vehicles and storing firewood there. The Ferrans claimed that they had called the police, complained to Town officials, and petitioned the Town Court about the Richardsons' misuse of their property. Instead of resolving the problem, however, the various Town and County officials allegedly conspired with the Richardsons by responding that the "Reserved for Parking" area had been in the public domain for over thirty years.
 
 
 5
 Most relevant to our decision here, the Ferrans contended that the Town had illegally widened Van Patten Road when it paved the road, thereby encroaching on the "Reserved for Parking" parcel. They also contended that Town snow plows would "sometimes turn[ ] around at the lower part of the right of way, using some of the ['Reserved for Parking'] strip of land." In anticipation of a defense of easement, the Ferrans argued that such use did not transform that strip of land, or the "Reserved for Parking" parcel, into a town road or public easement. In short, they asserted that "[t]he section of Van[ ]Patten road adjacent to the plaintiffs' property is not a public highway, nor is any part of plaintiffs' parcel adjacent to Van[ ]Patten Road a public highway." In addition, without elaborating, the Ferrans alleged that all of the Defendants-Appellees had deprived them of their right to petition the State of New York for the redress of grievances.
 
 
 6
 In 1992, the County, Town, and individual Defendants-Appellees filed separate motions to dismiss pursuant to Fed. R.Civ.P. 12(b)(1) and 12(b)(6). The Ferrans moved for permission to amend their complaint. The District Court granted the motions to dismiss, dismissed the complaint against Trooper Gonzales for failure to serve him process, and denied the Ferrans' request for leave to file an amended complaint. The Ferrans appealed. We affirmed the lower court's dismissal of the Ferrans' § 1985 claims as duplicative of their § 1983 claims, but remanded for further proceedings, holding that the District Court had "abused its discretion in denying plaintiffs' request for leave to file their amended complaint." Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir.1993). We directed the District Court to consider the threshold issue of whether the Ferrans owned the subject properties, suggesting that the court might abstain in order to permit the state law question of what land was conveyed to the Ferrans by tax deed to be resolved in state court. Id. at 23. Once the state court action was resolved, the Ferrans' federal action would either become moot or their property rights would be established. If the federal action proceeded, we suggested that the District Court might require the Ferrans to file an amended complaint before addressing the merits of the action.[1] Id. We also noted that the statute of limitations had not run "on incidents that deprived plaintiffs of their property rights for those incidents that occurred after September 24, 1988." Id.
 
 
 7
 Subsequently, the Ferrans initiated a state court action to determine their property interests and, in July 1994, the District Court stayed the federal court action. The record on appeal, however, contains no information about the Ferrans' state court suit, such as who they sued and what claims they asserted. As the District Court later observed, "that [state court] proceeding was ultimately dismissed for Defendants' failure to answer and Plaintiffs' failure to prosecute." Given that the state court proceeding had not addressed the ownership issue presented in the federal action, the District Court re-established discovery and motion filing deadlines in January 1999.
 
 
 8
 In May 1999, the Ferrans submitted a motion for partial summary judgment on the issue of "land ownership/property interest." The County, individual County officials, and Janet Nadler cross-moved for summary judgment, and the Town and individual Town officials cross-moved for partial summary judgment.
 
 
 9
 A. The District Court's August 11, 2000 Order and January 18, 2001 Hearing
 
 
 10
 In denying the Ferrans' motion for partial summary judgment, the District Court pointed out that the Town had changed its position in the litigation: it no longer asserted an ownership interest in the "Reserved for Parking" area. Instead, the Town claimed an easement under New York Highway Law § 189. In response, the Ferrans conceded that part of Van Patten Road had become a public highway by virtue of its use by the public and maintenance by the Town, but charged that the Town had
 
 
 11
 expanded its maintenance of the road beyond that which is permitted by law, that the road does not extend into the whole of the "Reserved for Parking" parcel, and that the neighbors have used the parcel for reasons other than parking — all in violation of Plaintiffs' rights as property owners.
 
 
 12
 Based on these contentions, the District Court found that questions of fact existed concerning "the ownership of the property at issue," denied the Ferrans' motion for partial summary judgment, and scheduled a hearing. The District Court noted that it considered this Court to have "clearly established what time frame applies for purposes of determining liability, to wit — September 24, 1988," but nevertheless reserved decision on whether evidence of events prior to that date might be introduced.
 
 
 13
 The District Court granted the individual Town officials' motion for summary judgment on all claims. The Ferrans' substantive due process and Petition Clause claims remained extant against the Town because the Town had not sought summary judgment on the due process claim, and had not sufficiently opposed the Petition Clause claim. The District Court also granted the County and individual County officials' motion for summary judgment on most of the Ferrans' claims except for the Petition Clause and the substantive due process claims against the County and John Toma.
 
 
 14
 In January 2001, the District Court held an evidentiary hearing. During the course of the hearing, the Town and County both stipulated that neither entity disputed the Ferrans' ownership of the "Reserved for Parking" parcel. Kevin J. McGrath, a licensed land surveyor, testified that, at the request of the Town, he had created a survey map of Van Patten Road.[2] McGrath stated that the width of Van Patten Road was eighteen feet maximum "for the majority of it," except for a portion north of the "Reserved for Parking" area. He never explicitly discussed the boundaries of the Town's public easement.
 
 
 15
 Defendant Joseph Meizenger, the Town Highway Superintendent from December 1989 to January 2000, testified that the highway department had consistently maintained the gravel road by plowing it, grading it, and ensuring that the culverts were clear. When the road was paved by a subcontractor in 1992, he claimed that the asphalt was put down on top of the gravel and that there had been no deviation from the contours or perimeter of the gravel road. At one point, Meizenger testified that he had told the pavers that once they "got down to the turn-around area, to widen the road," and then clarified that he told them to "stay within the graveled area," describing the turn-around area at the bottom (southern end) of the road as "slightly wider than the upper part of the road."
 
 B. The October 2001 Decision and Order
 
 16
 On October 30, 2001, the District Court issued a Decision and Order resolving the question presented at the January hearing: whether the Ferrans' ownership of parcels of land in the Terrace Gardens subdivision, "particularly the `Reserved for Parking' area, is subject to a public easement; i.e., Van Patten Road." The District Court found that the evidence elicited at the hearing established that: the Ferrans owned the "Reserved for Parking" parcel of land; the location of Van Patten Road had remained the same since at least 1972; Van Patten Road was originally a gravel road, which the Town had consistently maintained by plowing, regraveling, regrading, and repairing; when the Town blacktopped the road "in approximately 1994," the asphalt was laid on top of the gravel and the blacktopped road did not deviate from the gravel road's perimeter and contours; and the width of the shoulders was three feet on each side.
 
 
 17
 Based on this evidence, the District Court held that the Town had not unlawfully encroached upon the "Reserved for Parking" area when it paved the road, regardless of whether or not the Town had widened the road at its southern end, and that "the Town's maintenance of the road — including the disputed area — was necessary to the public use of the road and to insure the integrity of that road." The court concluded that Van Patten Road, in its current location, was a public highway and, "as such, constitutes a public easement to which [the Ferrans'] property is subject" and dismissed the Ferrans' claim that the Town had violated their due process rights with respect to the "Reserved for Parking" area or any other land they owned adjacent to Van Patten Road. The District Court also dismissed the Ferrans' Petition Clause claim against the Town — that the Town had deprived them of their land in retaliation for petitioning the courts and other officials to redress their grievances — on the ground that this claim relied on the due process claim, which failed.
 
 
 18
 Having granted summary judgment in favor of the Town on all claims against it, the court held that only the substantive due process and Petition Clause claims against the County and Toma remained, and stated that it would entertain their renewed cross-motions for summary judgment.
 
 
 19
 C. The September 2002 Decision and Final Judgment
 
 
 20
 In a decision and order dated September 20, 2002, the District Court granted the County's and Toma's motion for summary judgment on the due process and petition claims, and it dismissed the case in its entirety.[3] In evaluating these claims, the court employed a different analysis than it had used on the same claims against the Town. The due process claim was dismissed because the Ferrans had offered no evidence of an official policy or custom of removing trees from the Ferrans' property for anything other than reasonable County purposes, and because respondeat superior liability was not applicable to individual Town employees.
 
 
 21
 As to the Petition Clause claim, the court used the two-prong test set forth in Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83 (2d Cir. 2002), which requires a plaintiff alleging First Amendment retaliation to show that: "(1) his conduct was protected by the First Amendment, and (2) such conduct prompted or substantially caused defendant's action." 282 F.3d at 91 (internal citations omitted). The District Court concluded that, although the Ferrans had met the first prong of the Dougherty test by presenting undisputed evidence of numerous complaints to Town and County officials, they had failed to meet the second prong. In sum, the Ferrans' "bare assertions and conclusory allegations that Defendants' actions were motivated by retaliatory animus" were not sufficient to overcome a motion for summary judgment. Finally, the District Court found that Toma was entitled to qualified immunity because reasonable officials could disagree as to the legality of removing the trees, which the parties agreed had obstructed the view of drivers. The Ferrans filed a motion for reconsideration, which the District Court denied. This appeal followed.
 
 
 DISCUSSION
 
 I. Standard of Review
 
 22
 This Court reviews the grant of summary judgment de novo. See Physicians Comm. for Responsible Med. v. Johnson, 436 F.3d 326, 331 (2d Cir.2006). This Court will construe briefs submitted by pro se litigants liberally. See Ortiz v. McBride, 323 F.3d 191, 194 (2d Cir.2003).
 
 II. Analysis
 
 23
 The only issue we address here is whether the District Court properly granted summary judgment to the Town on the Ferrans' substantive due process and Petition Clause claims. We hold that it did, but through this opinion we add to the District Court's analysis. We agree with and affirm the District Court's reasoning with respect to all other claims asserted against the Town and County, as well as the other Defendants-Appellees.
 
 A. Due Process Claim
 
 24
 In order to succeed on a constitutional action against the Town for damages under § 1983, the Ferrans are required to show that (1) their "harm was caused by a constitutional violation," and, if it was, (2) that the Town was "responsible for that violation." Collins v. City of Harker Heights, Texas, 503 U.S. 115, 120, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992). Because the complaint does not allege any set of facts indicating a deprivation of procedural due process, it is assumed that the claim is based on the Ferrans' substantive due process rights.
 
 
 25
 To establish that the Town violated the Ferrans' substantive due process rights, we must first inquire "whether a constitutionally cognizable property interest is at stake." See Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir.1995). The Ferrans' ownership of the "Reserved for Parking" parcel, which is not in dispute, constitutes such a property interest. The District Court's October 2001 order granted summary judgment on the due process claim because of the purported easement held by the Town over that part of the parcel upon which the Town had encroached. Substantive due process analysis, however, does not turn on whether such an easement existed.[4] Even assuming that there was no easement over any portion of the "Reserved for Parking" parcel, and that any encroachment by the Town on such parcel was unlawful, the due process claim still fails.
 
 
 26
 To establish a substantive due process violation, the Ferrans must show that the Town's alleged acts against their land were "arbitrary," "conscience-shocking," or "oppressive in the constitutional sense," not merely "incorrect or ill-advised." Lowrance v. C.O. S. Achtyl, 20 F.3d 529, 537 (2d Cir.1994) (internal quotation marks and citation omitted). Despite its considerable volume, the record, including the Ferrans' amended complaint, contains few details regarding when and to what degree the Town encroached upon the "Reserved for Parking" parcel. Only the following alleged acts can be discerned: (1) the Town used "a strip of plaintiffs' parcel as a turn around for snow plows in the winter"; (2) the Town refused to protect the Ferrans from Richardson or charge Richardson with a crime after he cut down trees on their property; (3) the Town "publicly declared that the plaintiffs' property is not hers [sic] but instead is a public highway"; and (4) the Town illegally widened Van Patten Road "just below High View Lane in 1989 and 1990."
 
 
 27
 Assuming all facts alleged by the Ferrans are true, only two of these acts (the snow plowing and the widening of the road) have any chance of satisfying the second prong of the Collins test, which requires that we ask whether an official municipal policy caused the constitutional tort. See Collins, 503 U.S. at 120-21, 112 S.Ct. 1061 (citing Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690, 691, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). While the snow plowing and road widening may have been implemented pursuant to an official policy or custom of the Town, the Ferrans failed to offer any evidence — other than their ipse dixit — that the other acts were committed pursuant to an official policy or custom. Furthermore, although the snow plowing and paving may have been incorrect or ill-advised, such actions on the part of the Town were not so outrageous and arbitrary as to implicate the Ferrans' substantive due process rights. Rather, they constituted, at most, occasional unlawful encroachments on the "Reserved for Parking" parcel necessitated by the Town's performance of its municipal duties. Any dispute regarding such actions is best resolved in state court. See Zahra v. Town of Southold, 48 F.3d 674, 680 (2d Cir.1995) ("[T]he Due Process Clause does not function as a general overseer of arbitrariness in state and local land-use decisions; in our federal system, that is the province of the state courts.").
 
 B. Petition Clause Claim
 
 28
 With respect to the Petition Clause claim against the Town, the District Court's analysis of the same claim against the County applies equally here. The Ferrans have simply not met their burden of demonstrating that the Town retaliated against them for exercising their First Amendment right to seek redress of their grievances. See Gierlinger v. Gleason, 160 F.3d 858, 872 (2d Cir.1998) ("In order to prove a § 1983 claim for retaliation, a plaintiff bears the burden of demonstrating that her engagement in protected conduct was at least a substantial or motivating factor in the adverse action taken against her by the state defendant." (quotation omitted)). Not only is it difficult to discern what actions the Ferrans claim were taken in retaliation for their numerous complaints to Town and County officials, but nothing in the record indicates that the Ferrans' grievances "prompted or substantially caused" the Town to commit any of the acts alleged in the complaint. Dougherty, 282 F.3d at 91. The Ferrans' appellate briefs add no clarification in this regard. Accordingly, this claim was properly dismissed on summary judgment.
 
 
 CONCLUSION
 
 
 29
 For the foregoing reasons, the judgment of the District Court is affirmed.
 
 
 
 Notes:
 
 
 [1]
 The Ferrans eventually filed an amended complaint in September 2000
 
 
 [2]
 McGrath's map, to which he constantly referred, although "received" by the District Court, has for some unknown reason not been made a part of the record before this Court
 
 
 [3]
 The District Court also dismissed the claims against individual Defendants John and Joanne Richardson on the ground that the Ferrans had not proffered any evidence tending to establish that the Richardsons had acted in concert with public officials to render them liable under § 1983
 
 
 [4]
 As the record stands, we cannot affirm the District Court's determination as to the scope of the Town's purported easement over the "Reserved for Parking" parcel. As mentioned in note 2,supra, the record does not contain the map prepared by the land surveyor Kevin J. McGrath, which was received at the January 2001 hearing. Furthermore, the District Court never specifically defined for the record the parameters of the easement so as to allow for review by this Court.