10-0357-cr
United States v. Bing Yi Chen

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of  May, two thousand eleven.

Present:      RALPH K. WINTER,
              ROSEMARY S. POOLER,
              BARRINGTON D. PARKER,
                   *Circuit Judges*.

---

UNITED STATES OF AMERICA,

                              *Appellee*,

              -v.-                                              10-0357-cr

BING YI CHEN,

                   *Defendant-Appellant*.[1]

---

For Appellant:      Alice Fontier, Joshua L. Dratel, Law Offices of Joshua L. Dratel, P.C., New York, NY.

                    David A. Ruhnke, Ruhnke & Barrett, Montclair, NJ.

---

[1]  The Clerk of the Court is instructed to conform the official caption in accordance herewith.

For Appellee:  Michael M. Rosensaft, Jesse M. Furman, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Batts, *J.*).

**ON CONSIDERATION WHEREOF**, **IT IS HEREBY ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of said district court be and hereby is **AFFIRMED**.

Appellant Bing Yi Chen appeals an order of the district court denying his motion to suppress certain post-arrest, inculpatory statements that he alleges were given in violation of his Sixth Amendment right to counsel. Specifically, although Chen executed a written *Miranda* waiver, he argues that the waiver could not have been "knowing and intelligent" because he was not informed, at the time he gave the statements, that he had been "indicted."

In reviewing the denial of a motion to suppress evidence, we review the district court's conclusions of law de novo and its findings of fact for clear error, taking those facts in the light most favorable to the government. *United States v. Lucky*, 569 F.3d 101, 105-06 (2d Cir. 2009). "[W]e may affirm on any basis for which there is sufficient support in the record, including grounds not relied on by the District Court." *Ferran v. Town of Nassau*, 471 F.3d 363, 365 (2d Cir. 2006).

The Sixth Amendment right to counsel attaches upon indictment; it "does not arise at the time of arrest upon a warrant following the filing of a complaint." *United States v. Smith*, 778 F.2d 925, 932 (2d Cir. 1985) (citing *United States v. Duvall*, 537 F.2d 15, 22 (2d Cir. 1976)); *see also Rothgery v. Gillespie County*, 554 U.S. 191, 198 (2008) ("We have, for purposes of the right to counsel, pegged commencement to the initiation of adversary judicial criminal proceedings— whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." (internal quotation marks omitted).) In this case, although the district court did not consider the timing of the indictment, the record makes clear that Chen was indicted on July 2, 2003, one month *after* he was questioned. Accordingly, he had no Sixth Amendment right to counsel when he was questioned and his appeal would fail on this basis alone.

However, even if Chen had been indicted at the time he gave the statements, the law in this jurisdiction does not require that an indicted defendant be given notice of the indictment at the time of questioning. As we explained in *United States v. Charria*, 919 F.2d 842, 848 (2d Cir. 1990), "giving an indicted defendant *Miranda* warnings is sufficient to make a 'knowing and intelligent' waiver of the sixth amendment right to counsel, even if the defendant has not been expressly informed of the indictment pending against him." *Id.*

Chen's argument that *Charria* is not good law in this jurisdiction is misplaced. Although a panel of this Court in *United States v. Mohabir*, 624 F.2d 1140 (2d Cir. 1980), imposed requirements in addition to *Miranda* that had to be completed before a Sixth Amendment waiver

-2-

could be effectuated, the Supreme Court in *Patterson v. Illinois*, 487 U.S. 285 (1988), rejected the central holding in *Mohabir*.  487 U.S. at 295 n.8.  The *Patterson* Court did not address the question of whether an indicted defendant was entitled to be informed of the fact of an indictment before a Sixth Amendment waiver could be considered valid, *see id.*; however, as we made clear in *Charria*, "*Patterson's* pragmatic approach supersede[d] the previous rulings of this circuit which, based on the concept of a hierarchy of constitutional rights, called for a higher 'knowing and intelligent' standard for sixth amendment waivers than for other waivers."  919 F.2d at 847.  Requiring that an indicted defendant be informed of the indictment pending against him before a Sixth Amendment waiver could be effective was part of that hierarchy, and the *Charria* Court correctly rejected it on those grounds.

We have considered Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-3-