10-2101-cv(L)
Glenwood Sys., LLC v. Med-Pro Ideal Solutions

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**AMENDED SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 23rd day of September, two thousand eleven.

Present:    ROBERT A. KATZMANN,
            DEBRA ANN LIVINGSTON,
            SUSAN L. CARNEY,
                        *Circuit Judges.*

_____

GLENWOOD SYSTEMS, LLC,

            *Plaintiff-Appellant-Cross-Appellee*,

            - v. -                          Nos. 10-2101-cv (L); 10-2592-cv (XAP)

MED-PRO IDEAL SOLUTIONS, INCORPORATED, VENKATARAGHAVANTAIYA ARAVAMUDHAN,

            *Defendants-Appellees-Cross-Appellants*,

MED-PRO HEALTH CARE SERVICES PRIVATE LIMITED,
G. JAI BALAJI, N.S. RAJIV KUMAR, K. SIVAKUMAR,

            *Defendants-Appellees.*[*]

_____

For Plaintiff-Appellant-Cross-Appellee:        MICHAEL R. KAUFMAN, Jones, Damia,

_____

[*] The Clerk of the Court is directed to amend the official caption as set forth above.

Kaufman, Borofsky & DePaul, LLC, Danbury, CT

For Defendants-Appellees: W. GLEN PIERSON (Charles P. Reed, on the brief), Loughlin FitzGerald, P.C., Wallingford, CT

For Defendants-Appellees-Cross-Appellants: KEITH R. AINSWORTH, Evans, Feldman & Ainsworth, L.L.C., New Haven, CT

Appeal from the United States District Court for the District of Connecticut (Eginton, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant-Cross-Appellee Glenwood Systems, LLC ("Glenwood") appeals a final judgment entered on June 10, 2010 by the United States District Court for the District of Connecticut (Eginton, *J.*), dismissing certain defendants from the case for lack of personal jurisdiction and dismissing the complaint as against the remaining defendants for failure to state a claim. Glenwood brought suit against defendants asserting various state law claims, including tortious interference with business expectancies, violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), defamation, slander *per se*, and conversion, arising from defendants' alleged appropriation of Glenwood's proprietary information and collusion to deprive Glenwood of its clients. Defendants-Appellees Med-Pro Health Care Services Private Limited, G. Jai Balaji, N.S. Rajiv Kumar, and K. Sivakumar (the "India defendants") filed a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Defendants-Appellees-Cross-Appellants Med-Pro Ideal Solutions, Inc. ("Med-Pro US") and Venkataraghavantaiya Aravamudhan (the "California defendants") filed a motion to dismiss for

2

failure to state a claim pursuant to Rule 12(b)(6), and Aravamudhan additionally moved to dismiss the claims against him for lack of personal jurisdiction. The district court granted the India defendants' motion to dismiss for lack of personal jurisdiction, but denied Aravamudhan's motion in that regard. The district court went on to grant the California defendants' motion to dismiss for failure to state a claim, and accordingly dismissed Glenwood's complaint in its entirety. On appeal, Glenwood argues that (1) the Connecticut long-arm statutes provide for personal jurisdiction over all defendants and that exercise of jurisdiction over them would comport with the Due Process Clause of the United States Constitution; and (2) the district court erred in concluding that the law of the Republic of India governed the case. The California defendants cross-appeal from the district court's ruling, asserting that the court lacks personal jurisdiction over Aravamudhan. We assume the parties' familiarity with the remaining facts and procedural history of the case.

We review *de novo* a district court's grant of a motion to dismiss for failure to state a claim. *Chapman v. N.Y. State Div. for Youth*, 546 F.3d 230, 235 (2d Cir. 2008). We also review *de novo* a district court's decision to dismiss a complaint for lack of personal jurisdiction. *See Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010).

The district court first considered whether it had personal jurisdiction over the defendants before reaching the merits of their claims. A court engages in a two-step process to determine whether it may exercise personal jurisdiction over a defendant. *See Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005). First, it must consider whether the state's long-arm statute confers jurisdiction, and then it must determine whether such exercise comports with the Due Process Clause of the United States Constitution. *See*

3

*Chloe*, 616 F.3d at 163-64.  The district court here concluded that Glenwood had established a prima facie showing that defendants transacted business in Connecticut and/or had committed a tortious act outside of the state to cause injury within Connecticut, thus satisfying Connecticut's long-arm statutes.[1]  Nevertheless, the district court held that, with respect to the defendants located in India, the exercise of personal jurisdiction would not be reasonable because it would "offend traditional notions of fair play and substantial justice," *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).  The reasonableness inquiry considers "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996) (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113-14 (1987)).  "While the exercise of jurisdiction is favored where the plaintiff has made a threshold showing of minimum contacts at the first stage of the inquiry, it may be defeated where the defendant presents 'a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).  We agree with the district court, substantially for the reasons set forth in its opinion, that the exercise

---

[1] Although the district court did not apply the Connecticut long-arm statute for unregistered foreign corporations to the corporate defendants, "we may affirm on any basis for which there is sufficient support in the record." *Ferran v. Town of Nassau*, 471 F.3d 363, 365 (2d Cir. 2006) (per curiam).

of personal jurisdiction over the India defendants would offend traditional notions of fair play and substantial justice.

Turning to the California defendants' motion to dismiss for failure to state a claim, a court sitting in diversity jurisdiction must apply the law of the forum state to determine the applicable choice of law. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). In Connecticut, courts apply the "most significant relationship" test to determine the choice of law for tort claims. *Jaiguay v. Vasquez*, 948 A.2d 955, 972-73 (Conn. 2008). Based on these factors, the district court concluded that the forum with the most significant interest was India. Substantially for the reasons given by the district court, we agree and, therefore, hold that the district court properly dismissed the causes of action for tortious interference with business expectancies and violation of the CUTPA, as these are not recognized under Indian law. *See MM Global Servs., Inc. v. Dow Chem. Co.*, 283 F. Supp. 2d 689, 704 (D. Conn. 2003).

We turn finally to the California defendants' cross-appeal, which purports to challenge the district court's denial of Aravamudhan's motion to dismiss for lack of personal jurisdiction.[2] Here, although the district court denied Aravamudhan's motion, it went on to grant the California defendants' joint motion to dismiss for failure to state a claim. It appears to us that this judgment dismissing all claims against the California defendants on the merits would provide these defendants with all the relief they seek, and it is unclear why they would wish to modify any such judgment. Indeed, in their brief, the California defendants urge that "dismissal

---

[2] The notice of cross-appeal was filed by both of the California defendants. However, in the proceedings below, Med-Pro US did not join Aravamudhan's motion to dismiss for lack of personal jurisdiction, and on appeal, the California defendants do not contend that personal jurisdiction was lacking over Med-Pro US.

5

should not be disturbed and the judgment affirmed." Appellees'/Cross-Appellants' Br. at 34. It therefore seems that the California defendants intended to raise the jurisdictional issue only conditionally, *i.e.*, in the event that we were to vacate the dismissal of the complaint for failure to state a claim. So construed, the cross-appeal is mooted by our affirmance of that dismissal.

We have considered Glenwood's remaining arguments on appeal and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
