12-728-pr
*Hill v. Fischer, et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand thirteen.

PRESENT:
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

-----

MASHAMA HILL,

> *Plaintiff-Appellant,*

> v.                                              No. 12-728-pr

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS, ANDREA EVANS, GEORGE ALEXANDER, NEW YORK STATE DEPARTMENT OF PAROLE, ACTING & FORMER CHAIRMEN, SUSANNE MATTINGLY, PAROLE OFFICER, RON LADUCA, PAROLE OFFICER, CHRISTINA HERNANDEZ, DEBRA LOOMIS, LISA ELOVA, JOSEPH CRANGLE, COMMISSIONERS, NEW YORK STATE BOARD OF PAROLE,

> *Defendants-Appellees.*[1]

-----

**FOR PLAINTIFF-APPELLANT:**                Mashama Hill, *pro se*, Warsaw, VA.

-----

[1] The Clerk of the Court is directed to amend the official caption to conform to the above.

**FOR DEFENDANTS-APPELLEES:**     Frank Brady, Assistant Solicitor General, Nancy A. Spiegel, Senior Assistant Solicitor General, Barbara D. Underwood, Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from a February 15, 2012 judgment of the United States District Court for the Western District of New York (William Skretny, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Mashama Hill ("plaintiff" or "Hill"), proceeding *pro se*, appeals from the District Court's judgment dismissing his complaint, which had raised claims under 42 U.S.C. § 1983 for alleged violations by defendants-appellees ("defendants") concerning conditions of Hill's post-release supervision. The District Court's judgment was made pursuant to its authority to dismiss the case of a prisoner proceeding *in forma pauperis*, *see* 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii) and 1915A(b), as to claims against some defendants, as well as under Federal Rule of Civil Procedure 12(b)(6), for failing to state a claim upon which relief could be granted, with respect to claims against the remaining defendants. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the District Court's dismissal of Hill's complaint *de novo*. *See Chase Grp. Alliance LLC v. N.Y.C. Dep't of Fin.*, 620 F.3d 146, 150 (2d Cir. 2010) (noting that Rule 12(b)(6) dismissals are reviewed *de novo*); *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004) (noting that dismissals made under 28 U.S.C. § 1915A are reviewed *de novo*). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* We construe the submissions of a *pro se* litigant liberally and "interpret [ ] [them] to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and emphasis omitted).[2]

---

[2] We note that Hill has abandoned his claims against parole officers Susanne Mattingly and Ron LaDuca by not raising them on appeal. *See Ozaltin v. Ozaltin*, 708 F.3d 355, 371 (2d Cir. 2013) (holding an issue not raised on appeal to be waived); *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (same).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the District Court's judgment substantially for the reasons stated by Magistrate Judge Scott in his thorough Report & Recommendation, dated August 8, 2011 and adopted by the District Court in its entirety.[3]  Accordingly, we **AFFIRM** the February 15, 2012 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] The District Court concluded that Hill's claims pursuant to Rule 12(b)(6) were barred based on two independent grounds: (1) the "favorable termination" rule in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), and its progeny; and (2) the doctrine of collateral estoppel.  On appeal, we affirm the District Court's judgment based on the collateral estoppel rationale, *see Ferran v. Town of Nassau*, 471 F.3d 363, 365 (2d Cir. 2006) (noting that we "may affirm on any basis for which there is sufficient support in the record, including grounds not relied on by the District Court"), as he had a "full and fair opportunity" to litigate his claims before both the Department of Parole and New York state courts, *Curry v. City of Syracuse*, 316 F.3d 324, 331-32 (2d Cir. 2003) (outlining conditions for the application of collateral estoppel).