13-1103 (L)
Johnson v. City of New York, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand fourteen.

PRESENT:  RALPH K. WINTER,
          GUIDO CALABRESI,
          REENA RAGGI,
                    *Circuit Judges.*

_____

TED JOHNSON,
                    *Plaintiff-Appellant*,

          v.                                             No. 13-1103 (L),
                                                         No. 13-1402 (con)

THE CITY OF NEW YORK, POLICE
OFFICER ANTHONY ROSADO, POLICE
OFFICER THOMAS WOODS, SERGEANT
LUIS MARINES,
                    *Defendants-Appellees*.

_____

FOR APPELLANT:              Ted Johnson, *pro se*, Bennettsville,
                            South Carolina.

FOR APPELLEES:              Francis F. Caputo, Scott N. Shorr, of Counsel,
                            *for* Michael A. Cardozo, Corporation Counsel
                            of the City of New York, New York,
                            New York.

Appeal from an order of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court judgment entered on March 7, 2013, is AFFIRMED.

Pro se plaintiff Ted Johnson appeals from the dismissal of his 42 U.S.C. § 1983 complaint against New York City and three of its police officers alleging, inter alia, false arrest and malicious prosecution.  This court reviews de novo a judgment of dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).  To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

As an initial matter, we decline to consider the application of Heck v. Humphrey, 512 U.S. 477 (1994), to this case in light of this court's rehearing en banc of Poventud v. City of New York, --- F.3d ----, 2014 WL 182313 (2d Cir. Jan. 16, 2014) (en banc).  We may "affirm on any basis for which there is sufficient support in the record," see Ferran v. Town of Nassau, 471 F.3d 363, 365 (2d Cir. 2006), and we do so here because Johnson's claims fail plausibly to plead malicious prosecution and false arrest.

2

To prevail on a malicious prosecution claim, a plaintiff must show, inter alia, that the challenged criminal proceeding terminated favorably. See Swartz v. Insogna, 704 F.3d 105, 111–12 (2d Cir. 2013). Johnson cannot plausibly plead a favorable termination in light of his conviction for forcible touching. Although Johnson was acquitted of third-degree sexual abuse, the elements of the two charges largely overlap, the facts underlying both charges are identical, and Johnson was convicted of the more serious offense. See DiBlasio v. City of New York, 102 F.3d 654, 655, 658 (2d Cir. 1996); cf. Janetka v. Dabe, 892 F.2d 187, 189–90 (2d Cir. 1989).

Additionally, because the forcible touching conviction demonstrates that police officers had probable cause to arrest Johnson, he similarly cannot plausibly plead false arrest. See Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. 2006) (stating that "claim for false arrest turns only on whether probable cause existed to arrest a defendant, and that it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest"); Cameron v. Fogarty, 806 F.2d 380, 388–89 (2d Cir. 1986) (holding that convicted defendant cannot challenge sufficiency of evidence supporting his arrest).

Johnson's other claims are similarly meritless. Because he has not alleged a valid underlying constitutional deprivation, his claim against New York City pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), must also fail. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (stating that Monell liability does not lie where municipality's officer does not inflict constitutional harm). As we do not rely

3

on Heck in affirming the district court's judgment, we need not consider Johnson's equal protection challenge to our Heck jurisprudence.  Finally, the district court did not err in dismissing sua sponte Johnson's claims against one officer.  Because the facts and reasoning applicable to the moving defendants also applied to that officer, Johnson's complaint lacked an arguable basis in law or fact and was subject to sua sponte dismissal.  See 28 U.S.C. § 1915(e)(2) (stating that court "shall dismiss" case filed by plaintiff proceeding in forma pauperis "at any time" if it determines that action fails to state claim upon which relief may be granted); see also Neitzke v. Williams, 490 U.S. 319, 322–23 (1989) (approving sua sponte dismissal of such claims under § 1915).

We have considered all of Johnson's remaining arguments and conclude that they are without merit.

Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4