20-157-cv
*Perricone-Bernovich v. Village of Head of the Harbor*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of April, two thousand twenty-one.

PRESENT:    AMALYA L. KEARSE,
            JOSÉ A. CABRANES,
            ROSEMARY S. POOLER,
                    *Circuit Judges.*

—————————————————————————

BARBARA PERRICONE-BERNOVICH,

            *Plaintiff-Appellant,*

JOHN BERNOVICH, JOHN PERRICONE,

            *Plaintiffs,*

            v.                                                20-157-cv

ANTHONY TOHILL, VILLAGE ATTORNEY FOR
VILLAGE OF HEAD OF THE HARBOR; MR. HARRIS,
BUILDING INSPECTOR FOR VILLAGE OF HEAD OF
THE HARBOR; MARGARET O'KEEFE, CLERK OF THE
VILLAGE FOR VILLAGE OF HEAD OF THE HARBOR;
HARLAN FISCHER, CHAIRMAN, MEMBER OF THE
PLANNING BOARD; CRAIG HOLLAND, MEMBER OF
THE PLANNING BOARD; VINCENT PIZZULLI,
MEMBER OF THE PLANNING BOARD; ALYSON
SVATEK, MEMBER OF ZONING BOARD OF APPEALS;
PHILLIP PALMEDO, MEMBER OF THE PLANNING
BOARD; RONALD DEBOER, MEMBER OF ZONING

1

BOARD OF APPEALS; KATHLEEN DIANA, CHAIRWOMAN, MEMBER OF ZONING BOARD OF APPEALS; KENNETH MAHER, MEMBER OF ZONING BOARD OF APPEALS; WILLIAM ANDERSON, MEMBER OF ZONING BOARD OF APPEALS; STEPHEN NEIDELL, MEMBER OF THE PLANNING BOARD; THE VILLAGE OF HEAD OF THE HARBOR,

*Defendants-Appellees.**

FOR PLAINTIFF-APPELLANT:     Barbara Perricone-Bernovich, *pro se*, Lenhartsville, PA.

FOR DEFENDANTS-APPELLEES:     David H. Arntsen, Joshua S. Shteierman, Law Offices of Thomas M. Volz, PLLC, Neconset, NY; Kelly E. Wright, Scahill Law Group, P.C., Bethpage, NY.

Appeal from the December 12, 2019 judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Appellant Barbara Perricone-Bernovich, proceeding pro se, appeals from the District Court's judgment dismissing her complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Perricone-Bernovich, with her husband, John Bernovich, and brother, John Perricone, sued the Village of Head of the Harbor, NY (the "Village") and individual Village officials and employees under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, in connection with the denial of her application for a zoning variance, alleging that the decision was arbitrary and capricious and reflected discrimination based on her and her brother's disabilities. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the dismissal of a complaint pursuant to Rule 12(b)(6). *Forest Park Pictures v. Universal Television Network*, 683 F.3d 424, 429 (2d Cir. 2012). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations in the complaint are assumed to be true, this tenet does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se litigants are entitled to

---

* The Clerk of Court is directed to amend the caption as set forth above.

2

"special solicitude," and their complaints are interpreted to raise the strongest claims they suggest. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks omitted). Further, we may affirm the dismissal "on any ground that finds support in the record." *Dettelis v. Sharbaugh*, 919 F.3d 161, 163 (2d Cir. 2019). The District Court did not err in finding that the complaint in this action failed to state a claim for relief.[1]

The FHA provides that it is unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter" because of a disability. 42 U.S.C. § 3604(f)(1). These provisions are applicable to municipal zoning decisions. *Forest City Daly Hous., Inc. v. Town of North Hempstead*, 175 F.3d 144, 151 (2d Cir. 1999). A plaintiff may demonstrate disability discrimination under the FHA on a theory of (1) disparate treatment, (2) failure to make a reasonable accommodation, or (3) disparate impact. *Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565, 573 (2d Cir. 2003), *superseded by regulation on other grounds*.

To proceed on a disparate treatment theory, a plaintiff must allege enough facts to state a plausible claim that "animus against the protected group was a significant factor in the position taken by the municipal decision-makers." *Mhany Mgmt., Inc. v. County of Nassau*, 819 F.3d 581, 606 (2d Cir. 2016) (internal quotation marks omitted). The complaint here failed to satisfy this standard. The mere fact that the Defendants were aware of Perricone-Bernovich's disabilities when they denied her request for a zoning variance—which itself was unrelated to the disabilities—is insufficient to state a disparate treatment claim. Further, there is nothing in the complaint suggesting that the alleged impediments that Perricone-Bernovich faced in seeking variances were different from those faced by similarly-situated applicants without disabilities. The Defendants' only reference to the disabilities—the Village Attorney's observation that Perricone-Bernovich's husband had previously characterized her as an "invalid"—came in the context of a question about the need for a three-car garage, relevant to the issue of whether a house could feasibly be built with a variance on a lesser scale.[2] The term "invalid," in this context, does not in itself indicate animus against people with disabilities.

---

[1] The District Court's decision set forth no reasoning for its conclusion that Perricone-Bernovich's complaint was without merit. While the Federal Rules of Civil Procedure do not require a district court to provide reasoning when granting a Rule 12 motion, an explanation facilitates this Court's review, and "notions of simple fairness suggest that a pro se litigant should receive an explanation before his or her suit is thrown out of court." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996); *see* Fed. R. Civ. P. 52(a)(3). Accordingly, although the District Court did not err in its dismissal of Perricone-Bernovich's complaint, we reiterate our hope that this type of summary dismissal will continue to be the exception among judges in this Circuit.

[2] *See* Village Code ch. 165, art. 12 § 165-55(3) (providing that the Zoning Board of Appeals will grant the "minimum variance that it shall deem necessary and adequate to address the unnecessary

To proceed on a failure-to-accommodate theory, a plaintiff must allege, *inter alia*, that the denied "accommodation was likely necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling." *Olsen v. Stark Homes, Inc.*, 759 F.3d 140, 156 (2d Cir. 2014). But Perricone-Bernovich did not argue that her requests were related to her disabilities. Instead, she wanted permission to build closer to the road than the Village usually allowed to accommodate features like a three-car garage used to store an antique car, and she preferred the selected lot because it was conveniently located and relatively inexpensive.

The complaint likewise failed to state a claim on a disparate impact theory because it did not include any allegations about the effect of the Defendants' policies on people with disabilities as a group, or compare that effect to the effect on the broader population. *See Tsombanidis*, 352 F.3d at 574–75 (a prima facie case under a disparate impact theory requires a showing of "a significantly adverse or disproportionate impact on persons of a particular type" produced by a facially neutral practice (emphasis and internal quotation marks omitted)).

Finally, the complaint cannot be construed to state a plausible claim for a constitutional violation under 42 U.S.C. § 1983. The complaint's characterization of the Defendants' actions as "arbitrary and capricious" suggests an attempt to raise a substantive due process claim. But to raise such a claim, Perricone-Bernovich would have had to allege acts that were "arbitrary, conscience-shocking, or oppressive in the constitutional sense, not merely incorrect or ill-advised." *Ferran v. Town of Nassau*, 471 F.3d 363, 369–70 (2d Cir. 2006) (internal quotation marks omitted). The allegations in this case cannot be so characterized. Nor can the complaint be construed to state a plausible equal protection claim, given the absence of allegations showing that the Defendants treated the plaintiffs differently from others who were similarly situated. *See Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000) ("The Equal Protection Clause of the Fourteenth Amendment is 'essentially a direction that all persons similarly situated should be treated alike.'" (quoting *City of Cleburne v. Cleburne Living Ctr. Inc.*, 473 U.S. 432, 439 (1985))).

**CONCLUSION**

We have reviewed all of the arguments raised by Perricone-Bernovich on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

hardship proved by the applicant, and at the same time preserve and protect the character of the neighborhood and the health, safety and welfare of the community").

4