Gounden v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of July, two thousand twelve.

PRESENT:
>           ROSEMARY S. POOLER,
>           REENA RAGGI,
>           GERARD E. LYNCH,
>                 *Circuit Judges.*

_____

Kris Gounden,

>           *Plaintiff-Appellant,*

>           v.                                          11-2061

Thomas Campagna, NYPD, FDNY, Fred
Doe, Fire Officer, Volunteer Fire
Department X, Volunteer X,

>           *Defendants,*

City of New York, John Doe, Police
Officer, Joseph Addabbo, Helen
Marshall, Capital Land Services,
Carmen Bretscher, Wilde, Police
Officer Sergeant, McManus, Police
Officer, West Hamilton Beach Fire
Department, Stewart Title Insurance
Company, Police Officers John Does
1-5,

>           *Defendants-Appellees.*

_____

**APPEARING FOR PLAINTIFF-APPELLANT:**

Kris Gounden, *pro se*,
Howard Beach, NY.

**APPEARING FOR DEFENDANTS-APPELLEES:**

Victoria Scalzo (Kristen M.
Helmers, William H. Vidal, *on the brief*), *for* Michael A. Cardozo,
Corporation Counsel of the City of
New York, New York, NY.

Appeal from the judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Kris Gounden, proceeding *pro se*, appeals from the district court's April 22, 2011, Opinion and Order dismissing his second amended complaint on the defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review dismissal of a cause of action under Fed. R. Civ. P. 12(b)(1) or 12(b)(6) *de novo*." *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). To survive a Rule

2

12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

We have conducted a *de novo* review of the record in light of these standards and now affirm the district court's dismissal of Gounden's Fifth Amendment takings claim and Fourteenth Amendment procedural due process and equal protection claims for substantially the same reasons set forth in the district court's April 11, 2011, Opinion and Order.

With respect to Gounden's substantive due process claim, even if, as Gounden argues on appeal, the district court's reason for dismissing that claim was erroneous, we would affirm the dismissal of that claim on other grounds. *See Beal v. Stern*, 184 F.3d 117, 122 (2d Cir. 1999). Specifically, "[t]o establish a substantive due process violation, [Gounden] must [plead facts supporting the inference] that the [City Defendants'] alleged acts against his land were 'arbitrary,' 'conscience-shocking,' or 'oppressive in the constitutional sense,' not merely 'incorrect or ill-advised.'" *Ferran v. Town of Nassau*, 471 F.3d 363, 369-70 (2d Cir. 2006) (quoting *Lowrance v. C.O. S. Achtyl*, 20 F.3d 529, 537 (2d Cir. 1994)). This Gounden has not done. In his complaint, he alleged that the Appellees informed him that they were removing a boulder he had placed in a roadway he alleged was

part of his property in order to "ensure their right to emergency vehicle access to the properties immediately to [Gounden's] south and southwest." Thus, the Appellees' actions, far from being "conscience-shocking," were designed to ensure the safety of Gounden's landlocked neighbors, which is insufficient to implicate his substantive due process rights. *Cf. id.* at 370 (concluding that a town's paving of a road that the plaintiffs asserted was theirs, as well as the use of that road as a turn around for snow plows, while "incorrect or ill-advised . . . were not so outrageous and arbitrary as to implicate the Ferrans' substantive due process rights").

We lack jurisdiction to consider the district court's denial of Gounden's post-judgment motion pursuant to Federal Rule of Civil Procedure Rules 60(b) and 59(e) "for relief from or alteration of" the court's judgment. Pursuant to Federal Rule of Appellate Procedure 4(a)(4)(B)(ii), a party seeking "to challenge an order disposing of" a post-judgment motion including one brought under Rules 59 and 60, "must file a notice of appeal, or an amended notice of appeal" within the applicable appeal period "measured from the entry of the order disposing of the last such remaining motion." Here, Gounden filed his notice of appeal challenging the district court's initial judgment after that judgment was entered but before the court rendered its decision on his post-judgment motion. Once the district court

4

issued that disposition, Gounden did not file, as required by Rule 4(a)(4)(B)(ii), a notice of appeal from that order or an amended notice of appeal. Accordingly, we are without jurisdiction to consider the merits of that disposition, which includes the court's denial of his motion to amend his complaint and its dismissal of his Fourth Amendment claim on qualified immunity grounds.

Additionally, on appeal, Gounden does not challenge the district court's reliance on qualified immunity to dismiss his Fourth Amendment claim and therefore has waived any such arguments. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995). Accordingly, because the district court provided an alternate ground for dismissing Gounden's Fourth Amendment claim that we have no jurisdiction to review, and because, even if we had jurisdiction, Gounden does not challenge that alternate ground on appeal, his arguments challenging the district court's rationale for its April 2011 dismissal of his Fourth Amendment claim are moot. *See ABN Amro Verzekeringen BV v. Geologistics Ams., Inc.*, 485 F.3d 85, 94 (2d Cir. 2007) (holding that mootness occurs where the court is "incapable of granting a judgment that will affect the legal rights as between the parties").

Ultimately, Gounden has attempted to recharacterize a neighborhood property dispute as a series of constitutional injuries. The proper forum for determining the extent of his

5

property right, however, is New York state court.  Indeed, as noted at oral argument, the parties are currently litigating a new suit in state court, which may resolve the questions that gave rise to the present dispute.

We have considered all of Gounden's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6