14-3901-cv
Muktadir v. Bevacco Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20ᵗʰ day of November, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         DEBRA ANN LIVINGSTON,
         CHRISTOPHER F. DRONEY,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

MOHAMMAD MUKTADIR,
         Plaintiff-Appellant,

         -v.-                                    14-3901

BEVACCO INC., PETER SCLAFANI,
individually,
         Defendants-Appellees.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Bryan S. Arce, Christopher L,
                            Van De Water, Arcé Law Group,
                            P.C., New York, New York.

FOR APPELLEES:              Daniel R. Swanson, Kevin
                            O'Donoghue, Helbraun Levey &

O'Donoghue LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Block, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Mohammad Muktadir appeals from the judgment of the United States District Court for the Eastern District of New York (Block, J.), dismissing his discrimination and retaliation claims pursuant to a jury verdict.[1]  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Muktadir alleged discrimination under federal, state, and local law on grounds of race, national origin, and religion; hostile work environment; and retaliation, against his former employer Bevacco, Inc. and its owner Peter Sclafani.  Muktadir had worked as a busser and food runner at Bevacco, a restaurant in Brooklyn Heights, from October 2011 through May 7, 2012.  After a three-day trial, the jury rendered a defendants' verdict.  Muktadir challenges two evidentiary rulings and certain comments of the district judge that (Muktadir argues) denied him a fair trial.  We affirm.

**1.**  The district court permitted defendants' counsel to briefly inquire on cross-examination regarding Muktadir's concurrent employment at another restaurant, and his similar complaints of discrimination in that workplace.  Muktadir

---

[1] Muktadir purports to seek a new trial.  After Muktadir filed his notice of appeal, the district court denied Muktadir's Rule 59 motion for a new trial.  Muktadir v. Bevacco Inc., No. 12-CV-2184 (FB) (RER), 2015 WL 1182128 (E.D.N.Y. Mar. 13, 2015).  Muktadir did not amend his notice of appeal to include the denial of his post-trial motion, nor did he file a new notice of appeal therefrom.  Accordingly, while we have appellate jurisdiction over the judgment, we lack power to review the district court's post-trial ruling.  See Fed. R. App. P. 4(a)(4)(B)(ii); see also, e.g., Gounden v. Campagna, 487 F. App'x 624, 626 (2d Cir. 2012) (summary order); Pappas v. United States, 362 F. App'x 175, 176-77 (2d Cir. 2010) (summary order).

contends that this testimony was inadmissible as evidence of prior bad acts, which should have been analyzed and excluded as impermissible character evidence pursuant to Fed. R. Evid. 404(b).  The testimony did not consist of character or "bad acts" evidence, and the district court's relevancy determination was within its broad discretion.  See United States v. Quinones, 511 F.3d 289, 307-08 (2d Cir. 2007); Parker v. Reda, 327 F.3d 211, 213 (2d Cir. 2003) (per curiam); see also Muktadir v. Bevacco Inc., No. 12-CV-2184 (FB) (RER), 2015 WL 1182128, at *1 (E.D.N.Y. Mar. 13, 2015) ("That Muktadir claimed that he was subjected to fairly uncommon insults in two unrelated workplaces might suggest that he did not correctly recall at which workplace he heard them or, more nefariously, that they were products of his invention.  In either case, a jury could reasonably infer that he was not subjected to the insults at Bevacco.").

**2.**  The district court allowed into evidence a redacted copy of the the Dismissal and Notice of Rights issued by the EEOC in connection with Muktadir's complaint against Bevacco.  The document was relevant to Muktadir's retaliation claims as evidence that Muktadir made a complaint to the EEOC; and the EEOC's determination was redacted.[2]  Muktadir argues that, as redacted, "it was clear to everyone in the courtroom what the EEOC's determination was because the entire box was whited out, leaving a glaring blank space."  Pl.-Appellant's Br. 22.  Assuming this is so, the manner of redaction did not affect Muktadir's substantial rights.  See Fed. R. Civ. P. 61.  Furthermore, the document was shown to the jury in that form only briefly.  Before the case was submitted to the jury, the document was further redacted, so that all boxes corresponding to potential EEOC determinations were eliminated.

Muktadir argues that the alleged prejudice caused by the introduction of the EEOC document was reinforced by Sclafani's improper, unprompted, and incorrect statement on the witness stand that Muktadir's EEOC Charge "was found baseless."  Trial Tr. 251.  The district court immediately

---

[2] The EEOC determination stated that: "Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes."  App. of Pl.-Appellant 45.

reprimanded Sclafani, and informed the jury that "[i]t wasn't found baseless"; that "it's not the case"; and that they should "ignore" Sclafani's comment. Id. Absent evidence to the contrary, we presume the jury followed the district court's instruction, see United States v. Esso, 684 F.3d 347, 352 (2d Cir. 2012), so the comment did not affect Muktadir's substantial rights.

3. The district judge's initial greeting to the impaneled jury on September 8, 2014, briefly referenced the events of September 11, 2001. Muktadir contends that this evidenced bias against Muslims and prejudiced the jury against Muktadir. Although it may have been prudent to avoid mention of the terrorist attack a few days before the anniversary, we do not agree that the remarks evidenced bias or prejudiced the jury. The judge mentioned the attack as an event that, in his observation, instilled a sense of citizenship in potential jurors and pride about the responsibility of jury service, and he emphasized the importance of diversity and inclusion. The remarks did not bespeak bias against Muslims or any other group.

4. Muktadir also cites a brief colloquy during Sclafani's testimony. Sclafani spontaneously proposed that Judge Block "come to Bevacco after all this"; the judge responded he was "not going to do that. Maybe the jurors. . . . You may have some customers here in the future." Trial Tr. 247. A review of the trial transcript evidences no reason to believe that this "single jovial exchange . . . distract[ed] the jury from Muktadir's discrimination and retaliation claims or und[id] the Court's standard instruction that nothing it says during trial is intended to convey any opinion about the merits of those claims." Muktadir, 2015 WL 1182128, at *3; see United States v. Salameh, 152 F.3d 88, 128 (2d Cir. 1998) ("Reversal for judicial bias is appropriate only where an examination of the entire record demonstrates that 'the jurors have been impressed with the trial judge's partiality to one side to the point that this became a factor in the determination of the jury.'" (quoting United States v. Valenti, 60 F.3d 941, 946 (2d Cir. 1995))).

5. Finally, Muktadir challenges the handling of the dismissal of Juror #2. There was a ten-minute break after the close of the defense case and before summations. Upon returning to the courtroom after this break, the district judge informed the parties that a juror had likely overheard

4

the judge in the hallway characterize the case to a colleague as a "little stupid trial" or "stupid little trial." Trial Tr. 301-02. Muktadir's counsel requested that the court dismiss the juror, and Juror #2 was dismissed over defendants' objection. Before dismissal, Judge Block questioned Juror #2; the juror stated that he had heard the comment and confirmed that he had not mentioned it to the others. The juror was permitted to sit during summations and then excused; he did not deliberate.

Muktadir objects that Juror #2 was not excused immediately, and was allowed to return to the jury room, collect his things, and sit for summations; he speculates that the juror may have, subsequent to this questioning, revealed the judge's remarks to the rest of the panel.[3] As an initial matter, Muktadir's counsel did not object contemporaneously to the juror's being permitted to briefly return to the jury room and sit for summations. Moreover, Juror #2 was sufficiently warned against repeating the judge's comments to the rest of the jury. The circumstances support the finding that the judge's comment did not reach the jury that deliberated.[4] Trial Tr. 303-04, 360-61; see Muktadir, 2015 WL 1182128, at *2.

For the foregoing reasons, and finding no merit in Muktadir's other arguments, we hereby **AFFIRM** the judgment of the district court.

---

[3] The district court suggested that Juror #2 would be permitted to stay for summations so that the rest of the panel would not "think there is anything wrong." Trial Tr. 304.

[4] Muktadir argues that the test set forth in Manley v. AmBase Corp., 337 F.3d 237, 252 (2d Cir. 2003), should have been applied to determine whether the judge's comment resulted in juror prejudice. However, Manley governs an analysis of prejudice when extra-record information *does* reach deliberating jurors. See id. (when a deliberating juror has been exposed to outside influence, the court should apply an objective test to determine whether that influence prejudiced deliberations, focusing on: "(1) 'the nature' of the information or contact at issue, and (2) 'its probable effect on a hypothetical average jury'" (quoting United States v. Schwarz, 283 F.3d 76, 99 (2d Cir. 2002))).

5

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
By: