12-3923-cv
*Edelhertz v. City of Middletown*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term, 2012

(Argued: May 7, 2013)                                          Decided: May 8, 2013)

Docket No. 12-3923-cv

_____

MELVYN EDELHERTZ and HELAINE EDELHERTZ, as trustees
of the Melvyn and Helaine Edelhertz Revocable Living Trust,

*Plaintiffs-Appellants,*

v.

CITY OF MIDDLETOWN, NEW YORK,

*Defendant-Appellee.*[*]

_____

Before: CABRANES, WESLEY, and WALLACE,[†] Circuit Judges.

 In 2009, the Common Council of the City of Middletown, New York ("the City"), amended the City's zoning laws to prohibit the nonconforming use of non-owner-occupied multiple dwellings in various zoning districts. The plaintiffs allege that the City's failure to notify them, as affected property owners, prior to enacting this zoning change violated their due process rights under the

_____

[*] The Clerk of Court is directed to amend the caption as shown above.

[†] The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

Fourteenth Amendment. The United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*) granted summary judgment to the City, concluding that the change of zoning rules did not offend the procedural guarantees of the Due Process Clause because the zoning amendment was prospective and generally applicable, and was therefore "legislative" in character rather than "adjudicative." We affirm for substantially the reasons stated in the District Court's opinion.

Affirmed.

JAMES G. SWEENEY, James G. Sweeney, P.C., Goshen, NY,
*for Plaintiff-Appellant.*

ALEX SMITH, Assistant Corporation Counsel of the City of
Middletown, Middletown, NY, *for Defendant-Appellee.*

PER CURIAM:

In 2009, the Common Council of the City of Middletown, New York ("the City"), amended the City's zoning laws to prohibit the nonconforming use of non-owner-occupied multiple dwellings in various zoning districts. The plaintiffs allege that the City's failure to notify them, as affected property owners, prior to enacting this zoning change violated their due process rights under the Fourteenth Amendment. The United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*) granted summary judgment to the City, concluding that the change of zoning rules did not offend due process principles because the zoning amendment was prospective and generally applicable, and was therefore "legislative" in character rather than "adjudicative."

Having conducted a *de novo* review, *see Bailey v. Pataki*, 708 F.3d 391, 399 (2d Cir. 2013), we agree with the analysis of the District Court and affirm for substantially the reasons stated its excellent opinion and order of September 14, 2012. *See Edelhertz v. City of Middletown*, No. 11-CV-1943 (ER), --- F. Supp. 2d ---- (S.D.N.Y. Sept. 14, 2012). Although actions by legislative bodies can, in some circumstances, offend constitutional principles of due process, *see, e.g.*, Nathan S. Chapman

2

& Michael W. McConnell, *Due Process as Separation of Powers*, 121 YALE L.J. 1672 (2012) (discussing historical and jurisprudential bases for various due process constraints on legislative action), the District Court ably explained why the City's failure to provide notice before it adopted a prospective and generally applicable zoning amendment did not violate the Due Process Clause of the Fourteenth Amendment.

Accordingly, the judgment of the District Court is **AFFIRMED**.