17-769-cv
Obsession Sports Bar & Grill, et al. v. City of Rochester

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand seventeen.

PRESENT: GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
CHRISTINA REISS,
*Chief District Judge.*\*

------------------------------------------------------------------

OBSESSION SPORTS BAR & GRILL, INC., JOAN C. ORTIZ,

*Plaintiffs-Appellants*,

v.                                                          No. 17-769-cv

CITY OF ROCHESTER,

*Defendant-Appellee*.

------------------------------------------------------------------

---

\* Chief Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

FOR APPELLANTS:                    MICHAEL A. BURGER (Tina M. Foster, New York, NY, *on the brief*), Santiago Burger Annechino LLP, Pittsford, NY.

FOR APPELLEE:                      John M. Campolieto, *for* Brian F. Curran, Corporation Counsel of the City of Rochester, Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Obsession Sports Bar & Grill, Inc. and its owner, Joan C. Ortiz (collectively, "Obsession"), appeal from a judgment of the District Court (Siragusa, J.) dismissing their first amended complaint ("FAC") against the City of Rochester (the "City") for failure to state a claim. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Obsession argues that the District Court erred in dismissing its substantive due process claim. To state a substantive due process claim, Obsession was required to show that the City's enactment of its zoning regulation, Rochester Municipal Code § 120-34(O), was "arbitrary, conscience-shocking, or oppressive

2

in the constitutional sense, not merely incorrect or ill-advised." Ferran v. Town of Nassau, 471 F.3d 363, 370 (2d Cir. 2006) (quotation marks omitted). The enactment of zoning regulations, even those in contravention of State law, does not violate substantive due process unless the defendant engages in conduct "so outrageously arbitrary as to constitute a gross abuse of governmental authority[.]" Natale v. Town of Ridgefield, 170 F.3d 258, 263 (2d Cir. 1999); see also Cine SK8, Inc. v. Town of Henrietta, 507 F.3d 778, 785 (2d Cir. 2007) (government conduct "tainted with racial animus or fundamental procedural irregularity" violates substantive due process (quotation marks omitted)). The FAC does not allege that the enactment of section 120-34(O) was motivated by animus or accomplished through procedural irregularity. Nor does it otherwise plausibly allege that the City acted in a manner that is arbitrary, conscience-shocking, or oppressive. That section 120-34(O) was ultimately invalidated by the New York State courts is insufficient, standing alone, to state a substantive due process claim. See Ferran, 471 F.3d at 370; Natale, 170 F.3d at 263.

Obsession next argues that the District Court erred in dismissing its procedural due process claim. We conclude that the procedural due process

3

claim was properly dismissed for substantially the reasons stated by the District Court in that part of its opinion addressing the claim on the merits.   See Obsession Sports Bar & Grill, Inc. v. City of Rochester, 235 F. Supp. 3d 461, 466–67 (W.D.N.Y. 2017).   Obsession was not entitled to a pre-deprivation hearing when the City enacted and enforced section 120-34(O), a "generally applicable zoning" regulation.   See Edelhertz v. City of Middletown, 714 F.3d 749, 750 (2d Cir. 2013).

We have considered Obsession's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4